UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PERRY CUTTINO,                                    :

                 Plaintiff,        :    **FIRST AMENDED**
                                           **COMPLAINT &**
-    against -                                         :    **JURY DEMAND**

DUTCHESS COMMUNITY COLLEGE ASSOCIATION, :
INC. ("DCCA"), DUTCHESS COMMUNITY COLLEGE,
DUTCHESS COUNTY, NY ("DCC"), PAMELA EDING- :    Civil Case No.
TON, in her corporate capacity as President of DCC and
DCCA and member of the DCC Board of Trustees & the    :    19-CV-03850 (VB)
DCCA's Board of Directors, and in her individual capacity,
BRIDGETTE ANDERSON in her official capacity as the    :
DCC's Associate Dean of the Administration-Campus
Facilities & Safety, and in her individual capacity, and    :
JANE DOES 1 through 10, in their corporate and individ-
ual capacities,                                   :

                 Defendants.      :
------------------------------------------------------------------X

By and through his counsel, Jimmy M. Santos, Esq., of the Law Offices of Jimmy M. Santos, PLLC, Plaintiff Mr. Perry Cuttino ("Ms. Cuttino" or "Plaintiff") hereby avers in this first amended complaint against Defendants as follows:

## I.    THE PARTIES, JURISDICTION & VENUE

1.    Mr. Cuttino is a sixty (62) year old male. At all relevant times, he resided at 51 Smith Street, Apt. 1, Poughkeepsie, Dutchess County, NY 12601-2607.

2.    At all relevant times, defendant Dutchess Community College Association, Inc. (the "Association" or the "DCCA") was Plaintiff's employer. The Association is located at

1

53 Pendell Rd, Poughkeepsie, NY 12601, where Plaintiff worked at the time that Defendants terminated his employment on or about June 23, 2017.

3. At all relevant times, the Association was a domestic 501(c)3 non-profit corporation created under the laws of the State of New York whose stated mission is, among other things, the retail sale of books and student supplies mainly to students of defendant Dutchess Community College (the "College" or "DCC"), the operations of the College's Day Care Center, Contracts for food services and vending, ATM machines, coin operated copiers, eBay college asset sales, Campus One Card, bookkeeping services for Resident Hall, athletics and student activities.

4. At all relevant times, the Association employed over twenty (20) employees and, as such, was Mr. Cuttino's "employer" within the meaning of that term under Title VII of the Civil Rights Act of 1964, *as amended*, 42 USC §§ 2000e, *et seq.* ("Title VII") and the New York Executive Law §§ 290, *et seq.*, i.e., the NYS Human Rights Law (the "NYSHRL").

5. At all relevant times, upon information and belief, defendant College was a division of the municipality of defendant DUTCHESS COUNTY.

6. As per its website, defendant College:

"functions under the auspices of the State University of New York *and is sponsored by Dutchess County*. The College is governed by a board of trustees consisting of 10 members, four appointed by the governor of the State of New York and five by the Dutchess County legislature. The tenth member, a student trustee, is the student government president elected by the students annually."

7. At all relevant times, defendant College, with the Association, acted as a "single employer" and/or joint employer of Mr. Cuttino, since, upon information and belief, both the Association and College shared: (a) common control and management over the terms and

conditions of DCCA employees; (b) common management generally; (c) a common business/ educational purpose, i.e., to serve the needs of the College's students and personnel.

8. At all relevant times, the College employed over twenty (20) employees and, as such, along with the Association, was Mr. Cuttino's "employer" within the meaning of that term under Title VII of the Civil Rights Act of 1964, *as amended*, 42 USC §§ 2000e, *et seq.* ("Title VII").

9. At all relevant times, defendant Pamela Edington ("Edington" or "DCCA & DCC President"), a female, served as President of the College and Association, and as such, along with the other individual Defendants, she had authority to affect the terms and conditions of Plaintiff's employment with the DCCA and DCC and did exercise her power and authority to negatively affect the terms and conditions Mr. Cuttino's employment at the DCCA.

10. At all relevant times, defendant Bridgette Anderson ("Anderson" or the "Associate Dean of Administration"), a female, served as Associate Dean of the Administration-Campus Facilities & Safety, and as such, along with the other individual Defendants, she had authority to affect the terms and conditions of Plaintiff's employment with the DCCA and DCC and did exercise her power and authority to negatively affect the terms and conditions Mr. Cuttino's employment at the DCCA.

11. At all relevant times, Defendants JANE DOES 1 through 10 (all or most of whom are females who have yet to be identified), along with Edington and Anderson (collectively, the "Individual Defendants"), had authority to affect the terms and conditions of Plaintiff's employment with the DCCA and DCC and did exercise their power and authority to negatively affect the terms and conditions Mr. Cuttino's employment at the DCCA.

12. at all relevant times, all or certain Individual Defendants played a role in, aided and abetted, participated in, condoned and/or ratified in the decision to terminate Mr. Cuttino's employment with the DCCA/ DCC based in whole or insubstantial part on Mr. Cuttino's gender (being male).

13. The jurisdiction of this Court over Plaintiffs' claims under Title VII is invoked pursuant to 42 USC §§ 2000e, *et seq.*

14. This Court has subject matter jurisdiction over Plaintiffs' claims of discrimination on the basis gender (being male) under Title VII pursuant to 42 USC §§ 1331 and 1343.

15. The jurisdiction of this Court over Plaintiff's claims under the NYSHRL is invoked pursuant to 28 USC § 1367(a) since Plaintiff's federal and NY state law claims all stem "from the same nucleus of operative fact".

16. Prior to filing his initial Complaint with this Court, Mr. Cuttino received a right to sue letter dated March 11, 2019 from the EEOC and timely commenced this action on April 30, 2019 and within ninety (90) days of receipt of the same. Attached hereto as exhibit "A" is a true and accurate copy of Plaintiff's EEOC right to sue letter dated March 11, 2019.

17. Venue is proper in this judicial district (the U.S. District Court for the Southern District of New York, or "SDNY") since all of defendants' unlawful employment practices and decisions alleged herein, and/or their adverse effects from these practices and/or decisions on the terms and conditions of Plaintiff's employment with Defendants Association and College were committed and/or occurred within this judicial district.

## II.     FACTUAL AVERMENTS

18.     In or about November 1998, Defendants Association and College hired Mr. Cuttino to serve as General Manager of the DCC Association, Inc. (the "Association").

19.     At all relevant times, all or certain Individual Defendants were aware that Mr. Cuttino was a male.

20.     At all relevant times, Mr. Cuttino performed his work in a highly satisfactory and professional manner and was fully qualified to perform all his job duties and responsibilities.

21.     At no time while Mr. Cuttino was employed by the Association and the College did any defendant complain about Mr. Cuttino's job performance.

22.     At no time while Mr. Cuttino was employed by the Association and the College did Mr. Cuttino engage in any workplace misconduct or breach any workplace rules.

23.     In or about 1999 or 2000, the Association and College promoted Mr. Cuttino to serve as Executive Director of the Association which oversaw the day-to-day operations of the College's Bookstore, Day Care Center, Contracts for Food Services and vending, Campus One Card, Bookkeeping services for the Resident Hall, Athletics and Student Activities, campus ATM machines and coin operated copiers and selling of colleges unwanted assets on eBay.

24.     In or about June 2014, the College named Edington, a female, as President of the College.

25.     At all relevant times, defendant Edington served as the College's President.

26.     Upon information and belief, at all relevant times, Edington served on the Boards of Directors of the Association and Board of Trustees for the College and played a role in decisions affecting the terms and conditions of Association employees, including that of Mr. Cuttino.

27. In or about 2007, the College hired defendant Anderson, a female, to serve as Associate Dean of Administration-Campus Facilities & Safety.

28. Sometime thereafter, with defendant Edington's support, Defendants promoted Anderson to serve as the College's Associate Vice President of Administration ("Anderson" or the "Vice President of Administration").

29. At all relevant times, defendant Anderson served as the College's Vice President of Administration.

30. At all relevant times, from in or about 2015 to 2017, defendants Edington and Anderson intentionally engaged in a pattern and practice of terminating and/or forcing out DCCA and DCC male employees in leadership positions, including Mr. Cuttino, on the basis of these employees' gender (being male).

31. At all relevant times, from in or about 2014 to 2017, defendants Edington and Anderson replaced the male DCCA and DCC employees in leadership positions who were terminated or otherwise "forced-out" with female employees, all of whom had the same or lesser qualifications than the males they had forced out or terminated.

32. In or about May and/or June 2017, Individual Defendants terminated and/or "forced out" Mr. Bill Anderson, a male, who served as Director of Administration and was replaced by defendant Anderson, who was less qualified than Mr. Anderson for the position.

33. At the time that Mr. Anderson was in the process of being terminated and/or "forced out", Mr. Anderson told Plaintiff that Mr. Cuttino should beware and take notice because, in sum and substance, "they [Anderson and Edington] are trying to get rid of all the men" in DCC/ DCCA leadership and/or director positions.

34. As part of Individual Defendants' scheme to replace males in DCC/ DCCA leadership positions with females, during approximately the same time period that defendants terminated Plaintiff and Mr. Anderson, Individual Defendants replaced the Director of Student Athletics (a male) with a lesser qualified female although the Assistant Director of Student Athletics (a male) was better qualified and had seniority.

35. As part of Individual Defendants' scheme to replace males in DCC/ DCCA leadership positions with females, during approximately the same time period that defendants terminated Plaintiff and Mr. Anderson, Individual Defendants replaced the Director of Cafeteria(s) (a male) with a female who had the same or less qualifications.

36. As part of Individual Defendants' scheme to replace males in DCC/ DCCA leadership positions with females, during approximately the same time period that defendants terminated Plaintiff and Mr. Anderson, Individual Defendants replaced the Director of Student Activities (a male) with a female who had the same or less qualifications.

37. As part of Individual Defendants' scheme to replace males in DCC/ DCCA leadership positions with females, during approximately the same time period that defendants terminated Plaintiff and Mr. Anderson, upon information and belief, Individual Defendants replaced the Director of the Bookstore (a male) with a female.

38. In fact, due to Individual Defendants' apparent *animus* against male DCC/ DCCA employees, several DCC/ DCCA employees referred to Anderson and other Individual Defendants (all females) as the "mean girls' club".

39. As a result of the Individual Defendants' scheme to replace males in DCC/ DCCA leadership positions with females during the period of 2014 to 2017 time period, most if not all the males who previously held DCC/ DCCA leadership positions were replaced with females.

40. Upon information and belief, all of those terminated on or about June 23, 2017, including Mr. Cuttino, were replaced by females who were similarly or lesser qualified.

41. At all relevant times, Defendants' reasons for terminating Mr. Cuttino on June 23, 2017 were pretext for unlawful reverse gender discrimination.

42. As a result of Defendants' unlawful discrimination against Plaintiff, Mr. Cuttino has suffered and will likely continue to, suffer significant economic consequences, including lost back and front wages, as well as physical sickness and emotional distress.

43. Defendants actions, were malicious and wanton and must be punished and deterred under Title VII by awarding punitive damages to Mr. Cuttino as against defendants DCC, DCCA, and Dutchess County.

44. Defendants' unlawful disparate treatment against Mr. Cuttino due to his gender (being male) were intentional and in violation of Title VII and the NYSHRL

### AS AND FOR PLAINTIFF'S 1ST CAUSES OF ACTION AGAINST DEFENDANTS ASSOCIATION AND COLLEGE FOR UNLAWFUL DISCRIMINATION ON THE BASIS OF HIS GENDER (MALE) IN VIOLATION OF TITLE VII

45. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 through "44" above.

46. As described in more detail above, through the acts of the Individual Defendants, defendants Association and College subjected Mr. Cuttino to discrimination, including but not limited to termination of Plaintiff's employment, based on Plaintiff's gender (being male) in violation of 42 USC §§ 2000e, *et seq.*.

**AS AND FOR PLAINTIFF'S 2nd CAUSES OF ACTION AGAINST INDIVIDUAL DEFENDANTS FOR UNLAWFUL DISCRIMINATION ON THE BASIS OF HIS GENDER (MALE) IN VIOLATION OF THE NYSHRL**

47. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 through "46" above.

48. As described in more detail above, in both their corporate and individual capacities, the Individual Defendants subjected Mr. Cuttino to discrimination, including but not limited to termination of Plaintiff's employment, based on Plaintiff's gender (being male) in violation of N.Y. Executive Law §§ 290, *et seq.*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court empanel a jury of plaintiff's peers, and enter judgment against defendants as follows, in an amount to be determined at trial in this action, inclusive but not limited to:

(a) an award of damages for all back and front wages owed plaintiff due to defendants' termination of his employment based, in whole or in substantial part, on his gender (being male) in violation Title VII and the NYS Human Rights Law in an amount to be determined at trial in this action;

(b) an award of full compensatory damages against defendants, including payment to Mr. Cuttino for his suffering severe physical and mental distress and injury, mental anguish, humiliation, and embarrassment from defendants' unlawful discriminatory acts, in an amount to be determined at trial under Title VII and the NYS Human Rights Law;

      (c)      an award of punitive damages against defendants Association and College for their unlawful discriminatory acts against Plaintiff as alleged herein, and in an amount to be determined at trial under Title VII, 42 USC sec. 1988, and 42 USC §1981a;

      (d)      an award of Plaintiff's reasonable attorney's fees and the costs of this action under the Title VII, 42 USC §1981a and/or 42 USC § 1988; *and*

      (e)      any such other and further relief as this Court may deem just and proper.


Dated: July 25, 2019
       Cornwall, New York

                                        Respectfully Submitted,

                                        *Jimmy M. Santos*
                                        Jimmy M. Santos, Esq. (JS-0947)
                                        LAW OFFICES OF JIMMY M. SANTOS, PLLC
                                        28 Wilson Place
                                        Cornwall, New York 12518
                                        Phone: (845) 534-3185
                                        Fax:   (845) 595-2266
                                        *Attorney for Plaintiff Perry Cuttino*